UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KOREY A. ALWOOD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CAUSE NO. 3:05-CV-292 RM |
| vs. | ) | |
| | ) | |
| LARRY RANDT, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Korey A. Alwood, a *pro se* prisoner, submitted a motion to Alter or Amend Judgment pursuant to FED. R. CIV. P. 59. Mr. Alwood states that on July 11, 2005 (before the dismissal on the merits on July 21, 2005) he delivered to prison officials a motion to voluntarily dismiss this case. Pursuant to FED. R. CIV. P. 41(a)(1), he was entitled to dismiss this case then without an order of the court because neither an answer nor a summary judgment motion had been filed by a defendant. Pursuant to Houston v. Lack, 487 U.S. 266 (1988), Jones v. Bertrand, 171 F.3d 499, 500 (7th Cir. 1999), and their progeny, the filing date for a document submitted by a prisoner is determined by when the prisoner hands his filing to prison officials for mailing.

The docket does not indicate that Mr. Alwood filed a voluntary motion to dismiss in this case. Mr. Alwood attaches a letter purporting to be signed by his counselor which states that he received the motion from Mr. Alwood on July 11, 2005, but that he may not have mailed it. This letter lacks sufficient credibility to support setting aside the judgment on the merits, so this motion must be denied.

Mr. Alwood may file a motion pursuant to Fed. R. Civ. P. 60(b)(1) if he is able to obtain a notarized affidavit attesting to these allegations and verifying the identity of the signor as a prison employee. For the foregoing reasons, the court **DENIES** the Rule 59 motion (docket # 7).

SO ORDERED.

ENTERED: August 4 , 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court